```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FERN ZAKEN,

                Plaintiff,

        -against-                       MEMORANDUM & ORDER
                                        11-CV-02465(JS)(WDW)
JENNY CRAIG, INC.,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Stuart A. Jackson, Esq.
                    The S.A. Jackson Law Firm, P.C.
                    70 East 55th Street
                    New York, NY 10022

For Defendant:      Cheoma Maria Smith, Esq.
                    Ogletree Deakins Nash Smoak & Stewart
                    521 Fifth Avenue, 17th Floor
                    New York, NY 10175

                    Peter O. Hughes, Esq.
                    Ogletree Deakins Nash Smoak & Stewart
                    10 Madison Avenue, Suite 400
                    Morristown, NJ 07960
```

SEYBERT, District Judge:

Plaintiff Fern Zaken ("Plaintiff") sued Defendant Jenny Craig, Inc. ("Defendant") for employment discrimination, claiming that she was derided, denied certain benefits and fired because of her religion. Pending before the Court is Defendant's motion to compel arbitration and dismiss Plaintiff's Complaint. For the following reasons, Defendant's motion to compel is GRANTED and this matter will be stayed pending arbitration.

BACKGROUND

Defendant hired Plaintiff in May 2010, at which time Plaintiff signed the Alternative Dispute Resolution Agreement ("Agreement"). (Def. Mem. Supp. Mot. Compel 2; Cert. Valente Supp. Mot. Compel ¶ 6.) Under the Agreement, Plaintiff agreed "to arbitrate any and all disputes, claims, or controversies ("Claims") [Plaintiff] may at any time have against [Defendant] . . . ." (Cert. Valente Supp. Mot. Compel, Ex. 1 ("Arb. Agm't"); Def. Mem. Supp. Mot. Compel. 2.) Plaintiff alleged that during her employment with Defendant, Plaintiff's immediate supervisors derided her, denied her a discount on Jenny Craig food--a benefit all other employees received--and fired her all because of her religion. (Compl. ¶ 5.) In April 2011, Plaintiff sued Defendant in New York Supreme Court, Nassau County, for violations of New York State's Human Rights Law Section 296(1)(a). (Compl. ¶¶ 3, 6-7.) In May 2011, Defendant removed the suit to this Court on diversity grounds. (Def. Not. Removal. ¶ 12.)

DISCUSSION

Defendant argues that the Agreement's arbitration clause requires Plaintiff to arbitrate and that her entire action should be dismissed. (Def. Mem. Supp. Mot. Compel 5-7, 8.) The Court agrees that Plaintiff's claims fall within the Agreement's valid arbitration clause.

2

I. Legal Standard

Courts generally resolve four inquiries in determining a cause of action's arbitrability: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; (3) if federal statutory claims are asserted, Congress' intent that certain claims be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceeding pending arbitration. JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (quoting Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998)); see also Boey Chau v. W. Carver Med. Assocs., No. 06-CV-0526, 2006 WL 3780546, at *2 (E.D.N.Y. Dec. 21, 2006) (granting motion to compel arbitration for federal employment discrimination claims). In this case, the Court need only address the first and second issues.

The Federal Arbitration Act ("FAA") expresses the strong federal policy favoring arbitration. Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010); see also Washington v. William Morris Endeavor Entm't, LLC, No. 10-CV-9647, 2011 WL 3251504, at *10 (S.D.N.Y. July 20, 2011) (staying a lawsuit that alleged, among other things, employment discrimination). The FAA states that arbitration agreements are valid, enforceable and irrevocable, unless such grounds exist for the revocation of the contract. 9 U.S.C. § 2 (2011); see

also Ragone, 595 F.3d at 121 (quoting 9 U.S.C. § 2). In keeping with this policy, the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 19-20 (2d Cir. 1995).

II. Agreement and Scope of Agreement

The Court must resolve two issues: (1) whether Plaintiff and Defendant entered into the Agreement; and (2) whether Plaintiff's claims are within the scope of the Agreement. The Court answers "yes" to both. First, Plaintiff and Defendant entered into the Agreement. Plaintiff signed the Agreement with Defendant on May 20, 2010, as a condition to her employment. (Arb. Agm't; Cert. Valente Supp. Mot. Compel ¶ 6; Def. Mem. Supp. Mot. Compel 2.) Second, the Agreement encompasses Plaintiff's cause of action. The Court construes an arbitration clause as broadly as possible and resolves any doubts in favor of arbitration. Collins, 58 F.3d at 19-20 (quoting David L. Threlkeld & Co. v. Metallgesellschaft Ltd., 923 F.2d 245, 248 (2d Cir. 1991)). The Court focuses on the factual allegations in the Complaint and will compel arbitration if the allegations underlying Plaintiff's claim "touch matters" covered by the parties' agreement. Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987).

4

Prototypical broad arbitration clauses are those "in which the parties agree to arbitrate any dispute, controversy or claim arising under or in connection with the parties' agreement." Oldroyd, 134 F.3d at 76 (noting such clauses are the kind of broad arbitration clauses that justify presumption of arbitrability); see also McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co., 858 F.2d 825, 832 (2d Cir. 1988) (distinguishing between broad and narrow arbitration clauses). "[U]nless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," the Court will compel arbitration. Genesco, 815 F.2d at 847 (quoting S.A. Mineracao Da Trindade-Samitri v. Utah Intern., Inc., 745 F.2d 190, 194 (2d Cir. 1984)).

Plaintiff brought an action against Defendant for discriminatory employment practices in violation of New York State Human Rights Law, specifically § 296(1)(a) of the New York Executive Law. (Compl. ¶ 7.) The Agreement's language covers "any and all disputes . . . [Plaintiff] may at any time have against [Defendant . . . ." (Arb Agm't.) This language is the type of broad language that encompasses all disputes between Plaintiff and Defendant. See Collins, 58 F.3d at 20 (finding similar language paradigmatic of broad clause); Boey Chau, 2006 WL 3780546, at *4 (stating prototypical broad arbitration

5

provisions includes agreement to arbitrate any claims arising from the parties' agreement). Plaintiff's action, therefore, falls within the Agreement.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is GRANTED. In its discretion, the Court concludes that a stay--not dismissal--is appropriate. The matter will be stayed pending arbitration.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: October __13__, 2011
        Central Islip, New York